# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION


BRIAN WARREN,

                    Petitioner,                    Case Number: 07-CV-12773

v.                                          HONORABLE PAUL D. BORMAN

RAYMOND BOOKER,

                    Respondent.

_____/

## OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner Brian Warren, currently incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for writing no account checks. Respondent has filed a Motion to Dismiss. For the reasons stated below, the Motion is denied and the petition is transferred to the United States Court of Appeals for the Sixth Circuit.

### I. Background

Pursuant to a guilty plea, Petitioner was convicted of two counts of writing no account checks in Ingham County Circuit Court. On July 11, 1990, he was sentenced to 77 days time served and three years probation. Petitioner did not pursue a direct appeal of this conviction in the state courts. *See* Petition at 2.

Petitioner claims to have filed a motion for relief from judgment in the trial court challenging his convictions. However, the Order Denying Motion for Relief From Judgment attached to Petitioner's Traverse to Respondent's Motion to Dismiss addresses a challenge to a

conviction entered on October 17, 1990.  It does not appear that Petitioner has filed any actions in state court challenging his convictions.

In the pending habeas corpus petition, Petitioner asserts that he was denied his Sixth Amendment right to appeal and right to appellate counsel because of his indigence and because the state court did not inform him of those rights at the time of his plea and sentence.  *See* Petition at 4-5.  State records indicate that Petitioner is serving a life sentence for first-degree murder and thirty to sixty years imprisonment for kidnapping and first-degree criminal sexual conduct, sentences imposed by the Calhoun County Circuit Court on October 16, 1995.  *See* MDOC entry re: Brian Andre Warren, inmate number 245972, at www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=245972 (last visited Dec. 22, 2008). He seeks an unconditional writ of habeas corpus and an order expunging his convictions.

## II.  Analysis

In his Motion to Dismiss, Respondent argues that Petitioner fails to satisfy the "in custody" requirement of 28 U.S.C. § 2254, and that his petition should be dismissed.  In the alternative, Respondent argues that the petition should be transferred to the Sixth Circuit Court of Appeals as a second or successive petition.

In his petition, Petitioner challenges his July 11, 1990, convictions for writing no account checks.  A federal district court has jurisdiction to entertain petitions for habeas corpus relief only from petitioners who are "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The Supreme Court has interpreted the "in custody" language to require that "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).

2

Petitioner is no longer "in custody" pursuant to the convictions under attack in the pending

petition.  Therefore, he may not challenge those convictions in a § 2254 petition.

A petitioner may indirectly challenge a prior conviction by challenging a sentence for

which he is currently in custody, as enhanced by an allegedly invalid prior conviction.

*Lackawanna County District Attorney v. Coss, Jr.*, 532 U.S. 394, 401-02 (2001), *citing Maleng*,

490 U.S. 488 (1989).  Petitioner challenges his 1995 convictions as unlawfully enhanced by his

no account check convictions.  Petitioner previously has filed a prior petition for a writ of habeas

corpus challenging the 1995 convictions pursuant to which he is currently incarcerated.  That

petition was denied with prejudice.  *See Warren v. Jackson*, case no. 2:00-cv-73560, dkt. #

41-42, (E.D. Mich.) (Cleland, J.).

Before a second or successive habeas petition is filed in a federal district court, a habeas

petitioner must "move in the appropriate court of appeals for an order authorizing the district

court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Absent such an order from the

court of appeals, a federal district court lacks jurisdiction to entertain a successive habeas corpus

petition.  *McQueen v. Patton*, 118 F.3d 460, 461 (6th Cir. 1997).  Petitioner has not obtained

from the Court of Appeals for the Sixth Circuit authorization to file a second or successive

petition in this Court.  The Sixth Circuit has held that "when a second or successive petition for

habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3)

authorization from this court, the district court shall transfer the document to this court pursuant

to 28 U.S.C. § 1631."  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  Therefore, the Court finds

transfer to the Sixth Circuit Court of Appeals to be the appropriate resolution and shall deny

Respondent's Motion to Dismiss.

### III. Conclusion

The Court lacks jurisdiction over this successive petition for writ of habeas corpus, 28

U.S.C. §2244(b)(3), and the matter must be transferred to the Court of Appeals.

Accordingly, **IT IS ORDERED** that the Clerk shall **TRANSFER** the petition to the

United States Court of Appeals for the Sixth Circuit.

**IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss [dkt. # 9] is

**DENIED.**


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  January 8, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on
January 8, 2009.


s/Denise Goodine
Case Manager